**In re Anonymous No. 22 D.B. 77**

736

Disciplinary Board Docket no. 22 D.B. 77.

McDONNELL, *Board Member*, November 17, 1978—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board), submits its report and recommendation to your honorable court with respect to the above petition for discipline.

## 1. HISTORY OF PROCEEDINGS

A petition for discipline was filed against respondent on June 16, 1977, alleging several violations of the Disciplinary Rules of the Code of Professional Responsibility. Subsequently, counsel for respondent entered an appearance and a hearing was held on December 21, 1977. The hearing committee filed its report on September 7, 1978, and no objections were filed to this report within the prescribed time.

## 2.  STATEMENT OF FACTS

Respondent, [   ], is an attorney practicing law in [A] County. He is also licensed as a real estate broker by the Commonwealth of Pennsylvania. On or about March of 1971, respondent was engaged by owners of real estate in [B] County, Pa., to seek for them a buyer of their unimproved land. The sellers' asking price was $2,300, but they would be willing to negotiate that price if a buyer were found. On or about June 19, 1971, one [C] contacted respondent about the land in question and told respondent he would be willing to pay the asking price of $2,300. Respondent accepted from [C] a down payment of approximately $500.

About a week thereafter, respondent notified the sellers that respondent's mother and father were willing to purchase the land in question for $1,150, of which $150 would be a sales commission to respondent, for a net consideration of $1,000 to the sellers. At the same time that respondent conveyed this offer to the sellers, he enclosed a sales agreement between the sellers and respondents' parents. The sellers accepted that offer and executed the agreement of sale without having any information conveyed to them by the respondent that, in fact, the said Mr. [C] was willing to pay the full asking price and that respondent had accepted a down payment from [C].

Respondent personally went to the sellers' home in Massachusetts and had them sign a deed without telling them the name of the purchaser, which deed listed a consideration of $1. The sellers testified that they signed the deed without any knowledge that the conveyance was, in fact, to [C] rather than to respondents' parents. When respondent recorded

the deed in [B] County, he filed an affidavit of value listing the actual consideration paid as being $1,150. The grantee on the deed was the said [C]. The testimony accepted at the hearing established that the said [C] did, in fact, pay the respondent $2,300 for the land in question, and that respondent gave to the sellers a total of only $1,000.

In May of 1974, the said Mr. [C] again retained respondent to represent him concerning a tax sale for the same land acquired by Mr. [C] in 1971. Respondent failed to pursue the matter on behalf of Mr. [C], who then had to retain other counsel to represent him. Mr. [C] had given $300 to respondent for representing him in the tax matter, and the money was never returned by respondent to Mr. [C].

## 3.  DISCUSSION

After hearing the testimony of respondent, Mr. [C], and the sellers of the land in question, the hearing committee found that respondent used his parents as a straw party to purchase the land in question for more than $1,000 less than what Mr. [C] had been willing to pay from the very beginning. The committee also found that respondent intentionally refrained from disclosing to the sellers the true circumstances of the transaction.

For these reasons, the committee concluded that such conduct clearly involved dishonesty, fraud, deceit, and misrepresentation within the meaning of D.R. 1-102(A)(4), and also adversely reflects on the respondent's fitness to practice law within the meaning of D.R. 1-102(A)(6), and constituted violations of D.R. 9-102(B)(1) and (B)(3) relating to proper notification to a client and maintenance of records of receipt of a client's funds.

The committee also found that respondent had neglected to attend to the tax sale matter on behalf of the said [C] for a period of over two years, and therefore violated D.R. 7-101(A)(2) concerning the failure of a lawyer to carry out a client's contract for professional services, and D.R. 6-101(A)(3) concerning a lawyer's neglect of a legal matter entrusted to him. Because of the serious nature of respondent's conduct, the committee recommended a suspension of three years.

## 4. RECOMMENDATION

After a review of the entire record, the board concludes that respondent's conduct was indeed serious and in violation of the disciplinary rules, and therefore recommends that respondent be suspended for a period of three years.

Mr. Anderson did not participate in the adjudication.

## ORDER

EAGEN, *C.J.*—And now, December 5, 1978, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania, dated November 17, 1978, is accepted; and it is ordered, that [respondent] be, and he is forthwith suspended from the bar of this court and in all the courts under its supervisory jurisdiction, for a period of three years and until further order of the Supreme Court.

Mr. Justice Larsen is of the view that stealing a client's money by an attorney warrants disbarment and he, therefore, would disbar.